UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 15-36-DLB

CONECHIA JOHNSON, AS CO-PERSONAL
REPRESENTATIVE OF THE ESTATE OF
HERBERT JOHNSON, ET AL.                                                          PLAINTIFFS

vs.                         MEMORANDUM OPINION AND ORDER

M.D. THOMAS ROBERT LOVE, ET AL.                                              DEFENDANTS

* * * * * * * * * * * * * *

## I.      Introduction

Herbert Johnson died from infections that arose after a knee-replacement surgery in 2014. His wife, Conechia Johnson, and son, Danny Johnson ("Plaintiffs"), are suing the physician who performed the surgery, Dr. Thomas R. Love, and the hospital where the surgery took place, Our Lady of Bellefonte Hospital, Inc. (collectively the "Healthcare Defendants"). They are also suing Johnson & Johnson, Ethicon, Inc. and DePuy Orthopaedics, Inc. (collectively the "Removing Defendants"), which allegedly manufactured the sutures that were used to close Herbert's wounds. Plaintiffs assert various state law claims in their capacities as co-representatives of the Herbert Johnson Estate. They also seek personal damages for loss of consortium. This case was originally filed in the Greenup Circuit Court, Greenup County, Kentucky. It was later removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Currently before the Court are Removing Defendants' Motion to Sever and Plaintiffs' Motion to Remand. (Docs. # 2 and 10). The primary issue is whether diversity jurisdiction exists even though Plaintiffs and Healthcare Defendants are citizens of the same state. Removing Defendants submit that jurisdiction is proper so long as Healthcare Defendants are severed from this action pursuant to Fed. R. Civ. P. 21. They contend further that severance is warranted because Healthcare Defendants are either dispensable parties, or have been fraudulently misjoined. Plaintiffs seek full remand for a number of reasons, including the procedural argument that Healthcare Defendants never consented to removal in the first place. Both Motions are fully briefed and therefore ripe for the Court's review. (Docs. # 11, 12 and 13).

## II. Factual and Procedural Background

In 2014, Herbert Johnson ("Johnson") was admitted at Our Lady of Bellefonte Hospital, Inc. ("OLBH") in Ashland, Kentucky, where he underwent knee replacement surgery on his right knee. (Doc. # 1-2 at 5-6, ¶ 7). Dr. Thomas R. Love ("Love") performed the surgery, which included irrigating the wound on Johnson's leg and closing it with staples. (*Id.*) Johnson developed infections following the operation, thus "Love performed a second procedure with 'irrigation and debribement' of the right knee." (*Id.*) However, in doing so, Love chose not to remove the prosthesis from Johnson's leg. (*Id.*) The infections escalated for several months and Johnson eventually died. (*Id.*)

OLBH manages and controls its own surgical suites, recovery rooms and patient rooms. (Doc. # 1-2 at 6-7, ¶ 11). During the surgery, Love was assisted by OLBH employees, agents and servants. (*Id.*) OLBH also provided the necessary equipment and supplies, including sutures to close the wounds on Johnson's leg. (*Id.*) The types of

2

sutures Love used--a "#1 Ethibond" and a "2-0 Vieryl"--were manufactured and sold by Removing Defendants. (*Id.* at 6, ¶ 8).

On May 15, 2015, Plaintiffs filed the instant lawsuit in the Greenup Circuit Court, Greenup County, Kentucky. (Doc. # 1-2). Against OLBH and Love, they assert claims for negligence, gross negligence and wrongful death. (*Id.* at 7-10, ¶¶ 12-23). They lodge an additional claim against OLBH for breach of fiduciary duty. (*Id.*) Against Removing Defendants, they bring two claims for products liability, one under a strict liability theory and another based on negligence. (*Id.* at 10-12, ¶¶ 24-32). Against all defendants, they seek punitive damages and damages for lack of consortium. (*Id.* at 12-13, ¶¶ 33-37).

On June 8, 2015, Removing Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. # 1). Although Removing Defendants concede that Plaintiffs and Healthcare Defendants are citizens of the same state, they ask the Court to ignore Healthcare Defendants' citizenship for purposes of determining whether complete diversity exists.[1] (*Id.* at 5, ¶ 10). In support of their request, they submit that Healthcare Defendants should be severed from this federal action, either as dispensable parties under Rule 21, or pursuant to the doctrine of fraudulent misjoinder. (*Id.* at 5-12).

Removing Defendants further contend that the procedural requirements of 28 U.S.C. § 1446 have been satisfied. (*Id.* at 12-13). They acknowledge that Healthcare Defendants

---

[1] Johnson & Johnson and Ethicon, Inc. are incorporated in New Jersey and have their respective headquarters in New Jersey as well. (Doc. # 1 at 4, ¶¶ 7, 8). Similarly, DePuy Orthopaedics, Inc. is incorporated in Indiana with its principle place of business also in Indiana. (Doc. # 1 at 5, ¶ 9). OLBH is a Kentucky corporation, and both Love and Plaintiffs are Kentucky residents. (Doc. # 1 at 4-5, ¶¶ 6, 10). Complete diversity is thus lacking between Plaintiffs and Healthcare Defendants.

did not consent to the Notice of Removal, but maintain that such consent was not required because Healthcare Defendants were improperly or fraudulently joined. (*Id.* at 13, ¶ 31). Removing Defendants rely on case law from this district in furtherance of their position, as well as 28 U.S.C. § 1446(b)(2), which states that consent must be obtained for "all defendants who have been *properly joined* . . . ." (emphasis added). (*Id.*)

### III. Analysis

#### 1. Standard of Review

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447(c). "[R]emoval statutes are to be narrowly construed," *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000), thus "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal.").

#### 2. The Notice of Removal is Procedurally Defective

##### a. The Rule of Unanimity

28 U.S.C. § 1446 sets forth the procedural requirements for a proper notice of removal. A well-recognized derivative of that section is the "rule of unanimity," which "demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); § 1446(b)(2)(A). More specifically, "in order for a notice of removal to be properly before the

4

court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999).[2] This rule applies whether original jurisdiction is predicated on a federal question or diversity of citizenship. *Borden v. Blue Cross & Blue Shield of W. New York*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).

Consent to removal is a procedural issue. *Borden*, 418 F.Supp.2d at 270 (W.D.N.Y. 2006); *Clark v. Norfolk S. Corp.*, Case No. 10-CV-00133, 2010 WL 2245687, at *1 (W.D.N.C. June 2, 2010). A motion to remand for lack of consent therefore must be made within thirty (30) days after the notice of removal is filed. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal") (emphasis added). If the motion is not properly made, any such objection is deemed to be waived. *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *Clark*, 2010 WL 2245687, at *1 (citing *Payne v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)). This result is necessary because section 1447(c) has been interpreted not to allow *sua sponte* remands for purely procedural defects. *Page*, 45 F.3d at 133 (holding that a district court committed reversible error by remanding a case *sua sponte* for breach of unanimity).

---

[2] Upon review, there is no evidence in the state court record that Love was ever properly served. (Doc. # 1-2). It is possible, then, that his consent was not necessary in order to satisfy the rule of unanimity. However, the record reflects that OLBH was properly served, and thereafter filed an answer in Greenup Circuit Court. (*Id.* at 27). Accordingly, OLBH's consent was indeed required in order to properly remove this case.

Healthcare Defendants' Notice of Removal was filed on June 8, 2015. (Doc. # 1). Exactly thirty days later, Plaintiffs submitted a timely Motion to Remand, which objects to removal on the basis that "[Removing] Defendants have not acquired the consent of all the defendants to remove and therefore removal is improperly done." (Doc. # 9 at 10, ¶ 24). Because the record reflects that OLBH was properly served in connection with the underlying state court action, *see supra* note 2, its consent to removal was indeed required. Therefore, unless the circumstances warrant an exception to the "rule of unanimity," the Notice of Removal is procedurally defective and Plaintiff's Motion to Remand should be granted in full.

b. Exceptions to the Rule of Unanimity

While "[f]ailure to obtain unanimous consent [generally] forecloses the opportunity for removal under Section 1446," *Loftis*, 342 F.3d at 516, there are limited exceptions to the rule of unanimity.[3] One such exception applies when the non-consenting defendant has been improperly or fraudulently joined. *Coffman*, 927 F. Supp. 2d at 433; *Cordle v. Merck & Co.*, 405 F. Supp. 2d 800, 802 n.3 (E.D. Ky. 2005). Removing Defendants rely on this exception to argue that Healthcare Defendants' consent to removal was not required. (Doc. # 13 at 9-10). They cite to *Cordle* for support, as well as this Court's decision in *Mayfield v. London Women's Care, PLLC*, Case No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May

---

[3] Unanimous consent need not be achieved in the following situations: (1) "the case is governed by § 1441(d) in which defendants who are foreign states, instrumentalities, or entities thereof wish to remove," (2) the non-consenting defendant is a nominal or formal party, (3) the non-consenting defendant is a federal officer, (4) "the removed claim is separate and independent under 28 U.S.C. § 1441 (c)," or (5) the non-consenting defendant was improperly or fraudulently joined. *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 433 (E.D. Tex. 2013) (citations omitted). Regarding the fifth exception, there is "no difference between the terms 'improper joinder' and 'fraudulent joinder' in the context of removal jurisdiction." *Id.* (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)).

28, 2015).

The problem with Healthcare Defendants' argument is that the circumstances in which this case was removed do not encompass the exception they wish to apply. *Cordle* invoked the doctrine of fraudulent joinder to bypass unanimous consent. In order to utilize that exception, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Cordle*, 405 F. Supp. 2d at 802 (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). But nothing resembling fraudulent joinder has ever been raised in this case.[4] Rather, the Notice of Removal only accuses Plaintiffs of fraudulent *mis*joinder, which is a different doctrine altogether. *See Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597-600 (E.D. Ky. 2011) (explaining the differences between fraudulent joinder and fraudulent *mis*joinder, and declining to adopt the latter); *Williams v. Altman, McGuire, McClellan & Crum, P.S.C.*, Case No. 12-131-ART, 2013 WL 28378, at *6 (E.D. Ky. Jan. 2, 2013) (same). Because fraudulent misjoinder is not a recognized exception to the rule of unanimity, and since it is not mentioned anywhere within *Cordle*, Removing Defendants' argument is misplaced.

Removing Defendants also rely on this Court's decision in *Mayfield* for support that unanimous consent was not necessary. Specifically, they cite to a footnote from the factual background, in which the Court briefly mentions *Cordle* in a manner inconsistent with the analysis above. *Mayfield,* 2015 WL 3440492, at *6 n. 2. More important than that footnote,

---

[4] And even if such allegations had been made, they would be completely without merit. Taken as true and construed in Plaintiffs' favor, the complaint undoubtedly supports viable state law claims against Dr. Love and OLBH.

however, are the procedural differences between *Mayfield* and the case at hand. In *Mayfield*, the plaintiffs never objected to the fact that certain defendants had not consented to the notice of removal. *Id.* at E.C.F.# 8. Even if they had, their motion to remand was filed several days after the 30-day window required by 1447©). *Id.* Any argument based on lack of consent had therefore clearly been waived. And because the rule of unanimity was never at issue, the Court's passing assessment of *Cordle* proved completely irrelevant. Thus, with respect to issue currently under review, *Mayfield* is highly uninstructive.[5]

Finally, one could construe Removing Defendants' position as a request that fraudulent misjoinder be recognized as a separate and additional exception to the rule of unanimity. In order to accommodate that request, the Court would first need to accept fraudulent misjoinder as a valid legal doctrine. However, the Court has already confronted that issue and, for several reasons, declined to recognize fraudulent misjoinder unless and until it was formally adopted by the Sixth Circuit. *See Estate of Roger Owens, et al. v. E.I. Dupont De Nemours and Company, et al.*, Case No. 12-111-DLB, E.C.F. # 40, at *10-13 (E.D. Ky. June 17, 2013) (rejecting fraudulent misjoinder and, in doing so, adopting many of the same reasons cited in *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 599-600 (E.D. Ky. 2011)). Because the Sixth Circuit's position has not changed, neither has this Court's, and accordingly it will not accommodate Removing Defendants' perceived request.

---

[5] Indeed, the differing outcome in this case versus *Mayfield* is not at all driven by the Court's treatment of *Cordle*, but rather is completely attributable to the simple fact that the plaintiffs in *Mayfield* either neglected or intentionally chose not to object to the lack of unanimous consent, whereas here, Plaintiffs raised this point in a timely filed Motion to Remand.

### IV. Conclusion

The fact that Healthcare Defendants did not join in or consent to removal is undisputed. As such, the Notice of Removal is procedurally defective. Removing Defendants have asked the Court to excuse this defect based on fraudulent joinder, but their own allegations do not support that request. Pursuant to the rule of unanimity, and because Plaintiffs' motion was timely filed under 28 U.S.C. § 1447, this case should be remanded to the Greenup Circuit Court, Greenup County, Kentucky. Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 10) be, and is, hereby **GRANTED**;

(2) Removing Defendants' Motion to Sever (Doc. # 2) be, and is, hereby **DENIED**;

(3) This matter is hereby **REMANDED** in full to the Greenup Circuit Court, Greenup County, Kentucky; and

(4) The matter shall be **STRICKEN** from the Court's active docket.

This 31st day of August, 2015.



Signed By:
David L. Bunning
United States District Judge

\\156.125.121.215\bunning$\DATA\Opinions\Ashland\15-36 Granting Motion to Remand.wpd